UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LATISHA DELVALLE,<br><br>Plaintiff,<br><br>v.<br><br>NAVIENT SOLUTIONS, INC.,<br><br>Defendant. | Case No.:<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

LATISHA DELVALLE ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NAVIENT SOLUTIONS, INC., ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the State of Delaware, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Hopewell, Virginia 23860.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with its principal place of business located at 123 Justison St., Wilmington, DE 19801.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this number as a cellular telephone number.

12. Defendant called Plaintiff repeatedly and continuously on her cellular telephone.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or pre-recorded voice.

14. Plaintiff knew Defendant was contacting her using an automated telephone dialing system as there was usually a noticeable pause or delay before a representative came on the line.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Shortly after Defendant's calls began, Plaintiff spoke with Defendant and demanded that Defendant stop calling her regarding the alleged debt.

17. However, Defendant ignored Plaintiff's continued request and continued to place calls to her cellular telephone.

18. Plaintiff found Defendant's repeated calls annoying, frustrating, upsetting, harassing, and an invasion of her privacy.

19. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

20. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

22. Defendant's calls to Plaintiff were not made for emergency purposes.

23. After Plaintiff told Defendant to stop calling, Defendant knew or should have known it did not have consent to call and/or that any consent it thought it had was revoked.

24. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, LATISHA DELVALLE, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, LATISHA DELVALLE, demands a jury trial in this case.

Respectfully submitted,

Dated: 1/24/20

By: */s/W. Christopher Componovo*
W. Christopher Componovo, Esq.
Attorney ID #3234
Kimmel & Silverman, P.C.
Silverside Carr Executive Center
Suite 118, 501 Silverside Road
Wilmington, DE 19809
Phone: 302-791-9373
Facsimile: 302-791-9476
Email: wcomponovo@lemonlaw.com